UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIOCELINA ISRAIL,<br><br>   Plaintiff,<br><br>v.<br><br>BLITT & GAINES, P.C.,<br><br>   Defendant. | Case No. 1:22-cv-03203 |

**COMPLAINT**

**NOW COMES** Plaintiff, DIOCELINA ISRAIL, through undersigned counsel, complaining of Defendant, BLITT & GAINES, P.C. as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the automatic stay, 11 U.S.C. § 362.

2. Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

3. The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects … debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

1

4. Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5. The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. DIOCELINA ISRAIL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1177 Fairwood Drive, Elgin, Illinois 60123.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. BLITT & GAINES, P.C. ("Blitt & Gaines") is a professional corporation organized and existing under the laws of the state of Illinois.

11. Blitt & Gaines has its principal place of business at 775 Corporate Woods Parkway, Vernon Hills, Illinois 60061.

12. Blitt & Gaines is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

13. Blitt & Gaines uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

14. On January 16, 2010, a Capital One Bank (USA), N.A. account was opened in Plaintiff's name for the purpose of obtaining an extension of credit.

15. Subsequently, the account was used to acquire goods, services or cash advances in accordance with the Customer Agreement governing use of that account.

16. Plaintiff failed to make the required periodic payments on the account.

17. Plaintiff's $4,042.62 balance was charged-off.

18. Capital One Bank (USA), N.A. retained Blitt & Gaines, a law firm, to collect the debt.

19. Blitt & Gaines then filed a lawsuit against Plaintiff in the Circuit Court of Kane County, Illinois, entitled *Capital One Bank (USA), N.A. v. Diocelina Lopez*, 17 SC 3474 ("state court action").

20. On November 30, 2017, the Circuit Court of Kane County entered a default judgment against Plaintiff in the amount of $4,042.62 with costs assessed.

21. On March 2, 2022, Blitt & Gaines sent to Plaintiff a Wage Deduction Notice.

---

[1] **How Can I Help You?** Blitt & Gaines, P.C. is a full service collections law firm dedicated to providing our clients with best-in-class representation while working diligently with customers to promptly and amicably resolve their matters. https://blittandgaines.com/ (last accessed June 20, 2022).

3

22. The Wage Deduction Notice informed Plaintiff that a judgment was entered against her on November 30, 2017.

23. The Wage Deduction Notice also informed Plaintiff that her balance due was $4,437.50, and that the Circuit Court of Kane County had issued a wage deduction summons against her employer.

24. The balance due consisted of the judgment amount, interest, and court costs.

25. On May 17, 2022, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

26. The schedules filed by Plaintiff included both Blitt & Gaines and Capital One Bank (USA), N.A. on Schedule F: Creditors Who Have Unsecured Claims.

| 4.1 | Blitt and Gaines PC | Last 4 digits of account number | 3474 | $0.00 |
|---|---|---|---|---|
| | Nonpriority Creditor's Name | | | |
| | Attn: Bankruptcy Dept. | When was the debt incurred? | 2017 | |
| | 775 Corporate Woods PArkwat | | | |
| | Vernon Hills, IL 60061 | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | |
| | Who incurred the debt? Check one. | | | |
| | ■ Debtor 1 only | ☐ Contingent | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | |
| | ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | | |
| | ☐ Check if this claim is for a community debt | ☐ Student loans | | |
| | | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | | |
| | Is the claim subject to offset? | | | |
| | ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | | |
| | ☐ Yes | ■ Other. Specify  Notice Only-Attorney for Capital One Bank | | |

| 4.2 | Capital One | Last 4 digits of account number | 1916 | $4,437.00 |

| | Nonpriority Creditor's Name | | | |
| | Attn: Bankruptcy | | Opened 01/10  Last Active | |
| | P.O. Box 30285 | When was the debt incurred? | 02/16 | |
| | Salt Lake City, UT 84130 | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | |

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Credit Card

27. On May 20, 2022, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 7 Bankruptcy Case by first class mail and mandatory electronic bankruptcy noticing pursuant to Fed. R. Bankr. P. 9036 to Blitt & Gaines, P.C., Attn: Bankruptcy Dept., 775 Corporate Woods Parkway, Vernon Hills, IL 60061-3112 on May 18, 2022 at 22:15:36.

28. On May 20, 2022, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 7 Bankruptcy Case by Electronic Data Interchange (EDI)[2] to EDI: CAPITALONE.COM; Capital One, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285 on May 19, 2022 at 02:18:00.

---

[2] Upon execution of an agreement, the BNC transmits bankruptcy notices to high-volume notice recipients in the EDI format. EDI is an electronic file format that supports the automated transmission and extraction of case data from notice files. Through the Electronic Bankruptcy Noticing (EBN) Program, entities can receive notices via EDI, pursuant to the American National Standards Institute (ANSI) X12 175 Court Notice Transaction Set. The BNC will transmit only the variable information in the notice (e.g., form identification codes, debtor names, 341 meeting locations), in lieu of the entire notice text. The BNC can send the following types of notices via EDI: notice of meeting of creditors (341 notice), discharge notice, dismissal notice, and notice of assets generated by the courts' case management system (CM/ECF). The remaining court-generated notices and orders would be sent via email. EDI subscribers receive notices days faster than by U.S. mail. Additionally, EDI subscribers are able to reduce their bankruptcy notice processing expenses by replacing manual data entry processes with automated procedures. Fed. R. Bankr. P. 9036, which authorizes electronic noticing, requires the recipient to make a written request for electronic noticing. The EBN agreement satisfies the rule requirements, and it describes the EDI noticing process. The BNC software compares the entity's name and address included in the court's record with any names and addresses provided

29. The Notice of Chapter 7 Bankruptcy Case advised creditors that:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts form the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

30. On May 20, 2022, Plaintiff's wages were garnished.

31. The garnishment constituted the amount by which disposable earnings for a week exceeded the total of 45 times the Illinois minimum hourly wage—or $29.70.

32. On May 26, 2022, Blitt & Gaines returned $29.70 to Plaintiff.

33. The following day, Plaintiff's wages were garnished again.

34. This time, the garnishment constituted 15% of Plaintiff's gross pay—or $130.21.

35. On June 10, 2022, Plaintiff's wages were garnished again.

36. This time, the garnishment constituted 15% of Plaintiff's gross pay—or $234.37.

37. On June 17, 2022, Plaintiff's wages were garnished again.

38. This time, the garnishment constituted 15% of Plaintiff's gross pay—or $174.20.

39. Between May 20, 2022 and June 17, 2022, Plaintiff's employer withheld a total of $568.48 from Plaintiff's paychecks—only returning $29.70.

---

in the EBN agreement. If there is a match, the notice will be sent electronically. If there is no match, the BNC will send the notice via U.S. mail. Thus, in order to maximize the effectiveness of EBN, it is important for an entity to enter its name and address exactly as it appears on bankruptcy court notices, along with any name and address variations that appear on bankruptcy court notices.

## DAMAGES

40. Like many consumers, Plaintiff lives on the ragged edge where any adversity can be catastrophic.

41. Blitt & Gaines's continuing wage garnishment continues to thin an already slight cushion that exists between Plaintiff's monthly income and expenses.

42. When an individual is living on a tight budget, depriving her of even a small amount of cash can have significant effects on her ability to meet her obligations.

43. In this case, Blitt & Gaines's unlawful garnishment of $568.48 from Plaintiff's paychecks, disrupted Plaintiff's financial situation at a time when the balance of income and expenses was particularly delicate—leading to anxiety and emotional distress.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. The automatic stay prohibits all proceedings against a debtor following the filing of a bankruptcy petition. Legislative history reflects Congress' intent to provide broad protection to debtors:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-42 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 54-55 (1978); reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97.

46. The automatic stay provision of 11 U.S.C. § 362(a) took immediate effect once Plaintiff filed her voluntary petition for relief on May 17, 2022.

47. As set forth in section 362 of the Bankruptcy Code, the automatic stay reads, in pertinent part, that:

> Except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of –
>
> (1) The … continuation … of a judicial, administrative, or other action or proceeding against the debtor that was … commenced before the commencement of the case, or to recover a claim against the debtor that arose before the commencement of the case;
>
> (2) The enforcement, against the debtor … of a judgment obtained before the commencement of the case;
>
> …
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> …

11 U.S.C. §§ 362(a)(1), (2), and (6).

### Violation of 15 U.S.C. § 1692f

48. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation)

8

        unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

49. Blitt & Gaines violated 15 U.S.C. § 1692f(1) by continuing to garnish Plaintiff's wages after she had commenced her chapter 7 case.

50. The garnishments were minimally an "act to collect … a claim against the debtor that arose before the commencement of the case," in violation of § 362(a)(6)—and thus, not permitted by law.

51. Blitt & Gaines took this action despite notice that the case was pending. See *Chase Lumber & Fuel Co. v. Koch* (*In re Koch*), 197 B.R. 654, 660 (Bankr. W.D. Wis. 1996) ("[C]ourts have consistently placed an affirmative duty on garnishing creditors to stop garnishment proceedings once notified of the bankruptcy filing" and, "[a]t a minimum", a garnishing creditor has "a duty to stop the completion of what [are] arguably mere ministerial tasks by" the debtor's employer in garnishing the debtor's wages pursuant to a garnishment order.).

52. Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of—

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

9

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, DIOCELINA ISRAIL, prays the Court enter an Order:

A.     finding that Blitt & Gaines is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

B.     finding that Plaintiff's $4,042.62 indebtedness to Capital One Bank (USA), N.A. is a "debt" as defined by 15 U.S.C § 1692a(5);

C.     finding that Blitt & Gaines used unfair or unconscionable means to collect or attempt to collect Plaintiff's debt, violating 15 U.S.C. § 1692f(1);

D.     awarding any actual damage sustained by Plaintiff as a result of Blitt & Gaines's violation(s);

E.     awarding such additional damages, as the Court may allow, but not exceeding $1,000.00;

F.     awarding costs of this action including expenses together with reasonable attorney's fees as determined by the Court; and

G.     awarding such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 20, 2022                              Respectfully submitted,

**DIOCELINA ISRAIL**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com